UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

KENNETH RAY HENDRICKSON,

                     Plaintiff,

   -against-                                           5:11-CV-0927 (LEK/ESH)

MICHAEL J. ASTRUE, Commissioner
of Social Security,

                     Defendant.

## DECISION and ORDER

**I.    INTRODUCTION**

This matter comes before the Court following a Report-Recommendation filed on December 11, 2012, by the Honorable Earl S. Hines, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(d) of the Northern District of New York. Dkt. No. 19 ("Report-Recommendation"). After fourteen days from the service thereof, the Clerk has sent the entire file to the undersigned, including the Objections by the Commissioner ("the Commissioner" or "Defendant"), which were filed on December 21, 2012. Dkt. No. 20 ("Objections"). On January 2, 2013, Plaintiff Kenneth Ray Hendrickson ("Plaintiff") filed a Response to the Objections. Dkt. No. 21 ("Response").

**II.    BACKGROUND**

Plaintiff filed an application for Supplementary Security Income ("SSI") and disability insurance benefits ("DIB") on June 25, 2007, alleging disability beginning on April 28, 2007. Dkt. No. 9 ("Transcript") at 106-13, 136. After his initial application was denied, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). Id. at 76. A video hearing was held on

September 10, 2009, before ALJ John S. Pope. Id. at 19-28. Plaintiff appeared at the hearing with her attorney and testified. Id. at 19, 29, 31.

On November 4, 2009, the ALJ issued a written decision finding that Plaintiff was not disabled and therefore not entitled to benefits. Id. at 19-28. The ALJ's decision became the Commissioner's final decision on June 28, 2011, when the Appeals Council denied Plaintiff's request for review. Id. at 3-5. Plaintiff, through counsel, timely filed his appeal and commenced this action on August 4, 2011. Dkt. No. 1 ("Complaint"). Defendant filed an Answer on January 13, 2012. Dkt. No. 8.

Plaintiff filed his supporting Brief on April 11, 2012. Dkt. No. 12 ("Plaintiff's Brief"). On May 29, 2012, Defendant filed a Brief in opposition. Dkt. No. 14 ("Defendant's Brief").

In his Report-Recommendation, Judge Hines recommended that the Commissioner's decision be reversed and the case be remanded. Report-Rec. For the following reasons, the Court adopts the Report-Recommendation in its entirety and remands this matter to the ALJ.

## III. STANDARD OF REVIEW

### A. Review of Magistrate's Report-Recommendation

The Court is to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b). Where, however, an objecting "party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the report and recommendation only for clear error." Farid v. Bouey, 554 F. Supp. 2d 301, 307 (N.D.N.Y. 2008) (quoting McAllan v. Von Essen, 517 F. Supp. 2d 672, 679 (S.D.N.Y. 2007)) (citations and quotations omitted); see also Brown v. Peters, No. 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997). "A [district] judge . . . may

accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

### B. Review of the ALJ's Determination

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. See 42 U.S.C. §§ 405(g), 1383(c)(3); Wagner v. Sec'y of Health & Human Servs., 906 F.2d 856, 860 (2d Cir. 1990). Instead, a reviewing court will reverse the Commissioner's determination only if the correct legal standards were not applied or if the determination was not supported by substantial evidence. Johnson v. Bowen, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); see also Grey v. Heckler, 721 F.2d 41, 46 (2d Cir. 1983); Marcus v. Califano, 615 F.2d 23, 27 (2d Cir. 1979).

The substantial evidence standard requires evidence amounting to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971). If the evidence is deemed susceptible to more than one rational interpretation, then the Commissioner's conclusion must be upheld. See Rutherford v. Schweiker, 685 F.2d 60, 62 (2d Cir. 1982). If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." Rosado v. Sullivan, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). That is, a court must afford the Commissioner's determination

3

considerable deference and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a de novo review." Valente v. Sec'y of Health & Human Servs., 733 F.2d 1037, 1041 (2d Cir. 1984) (citing Bastien v. Califano, 572 F.2d 908, 912 (2d Cir. 1978)).

The Commissioner has established a five-step sequential evaluation process to determine whether an individual is disabled as defined under the Social Security Act.[1] See 20 C.F.R. §§ 416.920, 404.1520. The United States Supreme Court recognized the validity of this approach in Bowen v. Yuckert, and the five-step process remains the proper approach for analyzing whether a claimant is disabled. 482 U.S. 137, 140-42 (1987). While the claimant has the burden of proof as to the first four steps, the Commissioner has the burden of proof on the fifth and final step. See id. at 146 n.5; Ferraris v. Heckler, 728 F.2d 582 (2d Cir. 1984). The final step of the inquiry is, in turn,

---

[1] This five-step process is detailed as follows:
> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant has such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform.

Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982); see also Rosa v. Callahan, 168 F.3d 72, 77 (2d Cir. 1999); 20 C.F.R. §§ 416.920, 404.1520.

4

divided into two parts. First, the Commissioner must assess the claimant's job qualifications by considering his or her physical ability, age, education, and work experience. Second, the Commissioner must determine whether jobs exist in the national economy that a person having the claimant's qualifications could perform. See 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. §§ 416.920(g), 404.1520(g); Heckler v. Campbell, 461 U.S. 458, 460 (1983).

IV. **DISCUSSION**

**A. The Report-Recommendation**

In his Report-Recommendation, Judge Hines recommends that the Court vacate the Commissioner's determination because the ALJ: (1) did not apply the correct legal principles in making the Step Four residual functional capacity ("RFC") finding; and, as a result of this initial error, (2) reached a Step Five finding that was unsupported by substantial evidence. Report-Rec. at 15.

Specifically, Judge Hines concludes that at Step Four, the ALJ neglected to perform the detailed assessment necessary to determine Plaintiff's RFC and instead broadly stated that Plaintiff was capable of performing unskilled work without addressing medical findings that might challenge such a conclusion. Id. at 15-18. In recommending that the Court remand on this issue, Judge Hines points both to case law holding that "an administrative judge may not avoid conducting such a detailed assessment by merely indicating that the claimant can perform simple, unskilled work"[2] and

---

[2] Report-Rec. at 18 (citing Thompson v. Astrue, No. 10-CV-6576, 2012 WL 2175781, at *13 (W.D.N.Y. May 30, 2012) ("[W]hen making findings about a claimant's RFC, an ALJ may not avoid conducting such a detailed assessment by merely indicating that the claimant can perform simple, unskilled work."); Sweat v. Astrue, No. 08-CV-1108, 2011 WL 2532932, at *6 (N.D.N.Y. May 23, 2011) (admonishing ALJ on remand to address the consultative examiners' findings that claimant had difficulty dealing with stress during the relevant time period, as ALJ did not explain how he reconciled those findings with his RFC assessment)).

5

to Social Security Rulings addressing the importance of reconciling mental illness or limitations with the ability to perform unskilled work.[3]

Because of the error in reaching an RFC determination, Judge Hines also recommends that the Court find that the ALJ erred in performing his Step Five analysis. Id. at 18-20. "Specifically, ALJ Pope's hypothetical question to the vocational expert did not include limitations related to Hendrickson's stress or three of the five other moderate impairments listed earlier." Id. at 18-19.

**B. Objections**

In his Objections, Defendant argues that the Report-Recommendation should not be adopted because: "(1) it was based on a misreading of the evidence in the record; and (2) it improperly characterized the resulting evidentiary disagreement with the ALJ's factual analysis and findings as a legal error." Obj. at 1. As laid out in the Objections, these two arguments overlap substantially, as both concern Judge Hines's conclusion that the ALJ erred in his analysis at Step Four by failing to address certain findings made by consultative physicians. Essentially, the two arguments combine to state that the RFC determination (and the resultant Step Five determination) was supported by substantial evidence and that the ALJ's determination was not legally erroneous.

Defendant contends that the opinions of a state agency psychiatric consultative examiner, Kristen Barry, Ph.D ("Dr. Barry"), and a state agency psychology medical consultant, E. Kamin, Ph.D. ("Dr. Kamin"), support the ALJ's RFC assessment. Obj. at 1-3. Defendant asserts that a "plain reading of the record shows that Dr. Kamin considered Dr. Barry's report in reaching his opinion . . . and that the ALJ essentially adopted Dr. Kamin's opinion in determining Plaintiff's [RFC]." Id. at 2. In support of this claim, Defendant emphasizes Dr. Kamin's conclusion that

---

[3] Id. at 17-18.

Plaintiff "is found capable of work that does not involve working with others"[4] as providing the basis for the ALJ's finding that Plaintiff retained the RFC "to perform a full range of work at all exertional levels but, with the following nonexertional limitations: the work must be unskilled work that does not involve working closely with others." Tr. at 23. Defendant's second argument is that the ALJ's conclusion that Plaintiff could perform "unskilled work" was not only supported by substantial evidence, but also correct as a matter of law. Obj. at 4-6.

**C. Decision to Adopt the Report-Recommendation**

While some of the arguments contained in the Objection appear to resemble closely those made in Plaintiff's initial Brief and tend toward the general or conclusory,[5] in an abundance of caution, the Court reviews the portions of the Report-Recommendation to which Plaintiff objects *de novo*. 28 U.S.C. § 636(b). The Court has reviewed the remainder of the Report-Recommendation only for clear error and found no such error. Farid, 554 F. Supp. 2d at 307.

Upon a thorough review of the record, the Court concludes that the ALJ's RFC determination was deficient. Defendant is certainly correct that the ALJ clearly reviewed Dr. Kamin's report and adopted Dr. Kamin's conclusion regarding Plaintiff's ability to work with others. However, that conclusion was not the sole finding in Dr. Kamin's report; the report also mentions Plaintiff's inability to handle stress and make decisions. Tr. at 391. A discussion of these

---

[4] Tr. at 391.

[5] The Court notes that, on multiple occasions in his Objections, Defendant refers to his "initial memorandum" as containing the same argument advanced in his Objections. See, e.g., Obj. at 3. However, "[c]learly, parties are not to be afforded a second bite at the apple when they file objections to a Report and Recommendation, as the goal of the federal statute providing for the assignment of cases to magistrates is to increas[e] the overall efficiency of the federal judiciary." Camardo v. Gen. Motors Hourly-Rate Emps. Pension Plan, 806 F. Supp. 380, 381-82 (W.D.N.Y. 1992) (citation and internal quotation marks omitted) (alteration in the original).

other limitations is nowhere to be found. Instead, the ALJ simply states that Plaintiff is capable of performing unskilled work. Tr. at 23.

Absent any discussion of Plaintiff's other limitations identified by the consultative physicians, the ALJ's determination that Plaintiff possesses an RFC to perform unskilled work is neither supported by substantial evidence nor consistent with Social Security Rulings or case law. In SSR 85-15, the Commisioner clearly "emphasize[d] the importance of thoroughness in evaluation on an individualized basis" in cases involving the RFC of claimants suffering from stress-related disorders and mental illness. SSR 85-15, 1985 WL 56857, at *5 (Jan. 1, 1985). Further, "[b]ecause response to the demands of work is highly individualized, the skill level of a position is not necessarily related to the difficulty an individual will have in meeting the demands of the job." Id. at *6. Therefore, "[a]ny impairment-related limitations created by an individual's response to demands of work . . . must be reflected in the RFC assessment." Id. "[W]hen making findings about a claimant's RFC, an ALJ may not avoid conducting such a detailed assessment by merely indicating that the claimant can perform simple, unskilled work." Thompson, 2012 WL 2175781, at *13 (citing Hudson v. Comm'r. of Soc. Sec., No. 5:10-CV-300, 2011 WL 5983342 at *9-10 (D. Vt. Nov. 2, 2011); see also Sweat, 2011 WL 2532932, at *6 ("[P]laintiff argues that the ALJ did not adequately account for her difficulties dealing with stress. This argument is meritorious and a remand should be ordered on this basis.").

In this case, the ALJ made no such findings as to the relationship between Plaintiff's other limitations and his ability to perform "unskilled work." Further, the cases that Defendant cites in support of his contention that the ALJ did not err are inapplicable to the present case. See Obj. at 7. Unlike the instant matter, the cited cases involved situations where the ALJ's determination was

heavily supported such that the Second Circuit could clearly discern the ALJ's rationale and any failure to address some items was deemed harmless. Id. (citing Lazore v. Astrue, 443 F. App'x 650, 653 (2d Cir. 2011); Petrie v. Astrue, 412 F. App'x 401, 406-07 (2d Cir. 2011); Zabala v. Astrue, 595 F.3d 402, 407 (2d Cir. 2010)). Here, the ALJ has provided no discussion of Plaintiff's ability to cope with stress or of the reason why unskilled work might be appropriate given Plaintiff's unmentioned limitations. Therefore, the Court approves and adopts Judge Hines's recommendation that this matter be remanded so that the ALJ may reassess Plaintiff's RFC and Step Five determinations consistent with this Decision and Order.

## V. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the Report-Recommendation (Dkt. No. 19) is **APPROVED and ADOPTED in its entirety**; and it is further

**ORDERED**, that the decision of the Commissioner is **VACATED** and that this case is **REMANDED** for further proceedings in accordance with this Decision and Order; and it is further

**ORDERED**, that on remand, the ALJ consider: (a) Plaintiff's difficulties in handling stress, including but not limited to his: (1) moderate limitations in the areas of ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances; (2) ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods; and (3) ability to respond appropriately to changes in the work setting; and (b) the extent to which Plaintiff's occupational base is eroded by his difficulties handling stress and the moderate limitations listed above; and it is further

**ORDERED**, that on remand, to guard against necessity for further actions seeking judicial review, the ALJ also reflect on all errors asserted in this action as set forth at Section IV of the Report-Recommendation (Dkt. No. 19); and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order on all parties.

**IT IS SO ORDERED**.

DATED:    March 20, 2013
         Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge